

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.                                          16-CR-6044W

JEFFREY C. LEATHERSICH,

        Defendant.

---

## PLEA AGREEMENT

The defendant, JEFFREY C. LEATHERSICH, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and plead guilty to a two-count Information which charges him with violations of Title 21, United States Code, Section 841(a)(1) (dispensing a controlled substance outside the scope of professional practice), for which the maximum possible sentence on each count is a term of imprisonment of twenty (20) years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least three (3) years and up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c) and Sentencing Guidelines § 5E1.1(d).

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to four (4) years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that, if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that the defendant provided a prescription for a mixture or substance containing a controlled substance;

   b. that the defendant provided a prescription for a mixture or substance containing a controlled substance knowingly or intentionally; and

   c. that the defendant intentionally provided a prescription for the controlled substance, other than for a legitimate medical purpose and outside the usual course of professional practice.

2

## FACTUAL BASIS

5.  The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty, including relevant conduct:

   a. At all times material, the defendant, JEFFREY C. LEATHERSICH, was licensed as a Registered Physician Assistant ("RPA") under the laws of the State of New York and had a Drug Enforcement Administration Certificate of Registration authorizing him to prescribe Schedule II controlled substances in connection with his practice located at New Genesis Center for Medical Weight Loss and Cosmetic Medicine, 3300 Monroe Avenue, Suite 345, Rochester, NY 14618. The defendant has been licensed as a Physician Assistant since 1995, been practicing cosmetic medicine since 2004 and, in 2010, also began practicing bariatric medicine.

   b. At all times material, oxycodone was an opioid pain medication. As a narcotic with a high potential for abuse that may lead to severe psychological or physical dependence, oxycodone was listed by the Attorney General as a Schedule II controlled substance.

   c. Between on or about October 7, 2013, and on or about December 27, 2015, the defendant, JEFFREY C. LEATHERSICH, maintained a social relationship with an individual identified as Patient A. During that time period, the defendant provided Patient A with the following prescriptions for oxycodone to be filled by pharmacies in the Western District of New York:

   | Date | Dosage Units | Dosage Strength |
   | --- | --- | --- |
   | 10/07/2013 | Twenty (20) | 10mg |
   | 01/07/2014 | Ninety (90) | 10mg |
   | 07/25/2014 | Sixty (60) | 10mg |
   | 08/12/2014 | 120 | 10mg |
   | 09/26/2014 | 120 | 20mg |
   | 11/13/2014 | 120 | 20mg |

3

| Date | Dosage Units | Dosage Strength |
|---|---|---|
| 01/20/2015 | 120 | 20mg |
| 04/07/2015 | 120 | 20mg |
| 06/02/2015 | Forty (40) | 10mg |
| 07/07/2015 | Ninety (90) | 20mg |
| 08/07/2015 | Ninety (90) | 20mg |
| 09/08/2015 | 120 | 20mg |
| 10/04/2015 | 120 | 20mg |
| 11/02/2015 | 120 | 20mg |
| 12/02/2015 | 120 | 20mg |
| 12/27/2015 | 120 | 30mg |

The defendant knowingly issued each of the above-listed prescriptions for Patient A outside the scope of his professional practice and not for a legitimate medical purpose.

d. Between on or about July 10, 2015, and on or about March 24, 2016, the defendant, JEFFREY C. LEATHERSICH, maintained a social relationship with an individual identified as Patient B. During that time period, the defendant provided Patient B with the following prescriptions for oxycodone to be filled by pharmacies in the Western District of New York:

| Date | Dosage Units | Dosage Strength |
|---|---|---|
| 07/10/2015 | Sixty (60) | 10mg |
| 07/20/2015 | Ninety (90) | 30mg |
| 08/17/2015 | Ninety (90) | 30mg |
| 09/16/2015 | Ninety (90) | 30mg |
| 10/13/2015 | 120 | 30mg |

| Date | Dosage Units | Dosage Strength |
|---|---|---|
| 11/11/2015 | 120 | 30mg |
| 12/07/2015 | 120 | 30mg |
| 01/07/2016 | 120 | 30mg |
| 03/24/2016 | 120 | 30mg |

The defendant knowingly issued each of the above-listed prescriptions for Patient B outside the scope of his professional practice and not for a legitimate medical purpose.

e.  For purposes of this plea agreement only, at least 55 grams of oxycodone (actual) is the amount involved in the defendant's relevant conduct encompassed in Counts 1 and 2 of the Information which could be readily proven by the government against the defendant. The parties agree that, based on the Drug Equivalency Tables of the Sentencing Guidelines, the amount of oxycodone (actual) that could be readily proven by the government at trial or at a sentencing hearing against the defendant is the equivalent of at least 100 kilograms, but less than 400 kilograms, of marijuana.

### III. SENTENCING GUIDELINES

6.  The defendant understands that the Court must consider, but is not bound by, the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7.  The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(8) apply to the offenses of conviction and provide for a base offense level of 24.

5

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristic does apply:

   a. the two-level decrease pursuant to Guidelines § 2D1.1(b)(17) (safety valve).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

9. The government and the defendant agree that the following adjustment to the base offense level does apply:

   a. The two-level upward adjustment of Guidelines § 3B1.3 (abuse of trust/special skill).

## ADJUSTED OFFENSE LEVEL

10. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offenses of conviction is 24.

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 21.

## CRIMINAL HISTORY CATEGORY

12.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13.     It is the understanding of the government and the defendant that, with a total offense level of 21 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **37** to **46** months, a fine of **$15,000** to **$1,000,000**, and a period of supervised release of three (3) years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

14.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the

7

attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

15. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

16. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, dispensation, manufacture, distribution or importation of controlled substances, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:
   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government

8

deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charges and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

d. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant; and

f. respond to and take positions on post-sentencing motions or requests for information which relate to post-sentencing treatment of the defendant.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant,

however, **knowingly waives the right to appeal or collaterally attack any component of a sentence** imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 13, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 13 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves the right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

22. This plea agreement represents the total agreement between the defendant, JEFFREY C. LEATHERSICH, and the government. There are no promises made by

anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: *[signature]*
FRANK H. SHERMAN
Assistant U.S. Attorney

Dated: June 3, 2016

I have read this agreement, which consists of eleven (11) pages. I have had a full opportunity to discuss this agreement with my attorney, Paul A. Guerrieri, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

*[signature]*  *[signature]*
PAUL A. GUERRIERI, ESQ.  JEFFREY C. LEATHERSICH
Attorney for the Defendant  Defendant

Dated: June 3, 2016  Dated: June 3, 2016

11